UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ALEXANDRIA MORGAN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:17-cv-00417 |
| THE CBE GROUP, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes ALEXANDRIA MORGAN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of THE CBE GROUP, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and Wisconsin state law under Wis. Stat. Ann. §100.20 *et seq.* for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age residing at 5166 North Lovers Lane Road, Apartment 6, Milwaukee, Wisconsin, which lies within the Eastern District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third-party debt collection agency with its headquarters located at 1309 Technology Parkway, Cedar Falls, Iowa. Defendant regularly collects upon consumers located in Wisconsin. Defendant has been a member of ACA International, an association of credit and collection professionals, since 1950.[1]

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. In approximately May of 2015, Plaintiff began receiving calls from Defendant to her cellular phone, (414) XXX-0066.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0066. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] http://www.acainternational.org/search#memberdirectory

11. Defendant has used a variety of phone numbers when calling Plaintiff's cellular phone, including but not limited to (319) 432-7602 and (855) 459-1127.

12. Upon information and belief, the aforementioned phone numbers are all utilized by Defendant during its debt collection activity.

13. Upon answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting approximately three to four seconds in length, before a live person begins to speak.

14. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon outstanding consumer debt.

15. Plaintiff did not incur any respective debt, but Defendant's calls persisted so she reached out to it and spoke to one of its female representatives.

16. After Plaintiff supplied her information, Defendant's representative notified her that she could not find Plaintiff's account in their system.

17. Defendant's representative also made the following statements to Plaintiff, including but not limited to, "Are you sure this is the number we called you on?" and "Maybe we got the wrong number."

18. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told that she does not wish to be contacted.

19. For instance, on July 2, 2015, Defendant placed not less than 4 phone calls to Plaintiff's cellular phone, and it has also called her at least 3 times on several different days.

20. Despite her demands to cease calling, Defendant continued to regularly call Plaintiff's cellular phone throughout 2015.

21. Defendant has called Plaintiff's cellular phone not less than 36 times since she asked it to stop calling.

3

22. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

23. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $77.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately three to four seconds in length, before Plaintiff was connected with one of Defendant's live representatives, is instructive

4

that an ATDS was being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

29. Defendant violated the TCPA by placing at least 36 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to be contacted by Defendant using an ATDS was explicitly revoked upon her demands to cease contact.

30. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant received prompts to cease calling, but it defied those demands and continued to harass Plaintiff.

WHEREFORE, Plaintiff, ALEXANDRIA MORGAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF WIS. STAT. §100.20

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

5

33. Under Wis. Stat. Ann. §100.20(1), "methods of competition in business and trade practices in business shall be fair. Unfair methods of competition in business and unfair trade practices in business are hereby prohibited."

34. Defendant violated §100.20(1) by engaging in unfair acts in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Defendant ignored Plaintiff's request and continued to systematically call her cellular phone at least 36 times thereafter. Upon receiving an onslaught of phone calls, Plaintiff even took the time to call Defendant back, and asked it why she was continuing to receive phone calls from it despite notifying it to stop calling her. Defendant's representative told Plaintiff that she was unaware as to why it was calling her, stating "Maybe we got the wrong number." Defendant not only ignored Plaintiff's request to stop calling, but it also knowingly continued to contact Plaintiff's cellular phone for the purpose of collecting upon a debt. Following its characteristic behavior in placing voluminous collection phone calls to consumers, the calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and make a payment.

35. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing multiple calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that she does not wish to be contacted.

36. This statute was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

37. Wis. Stat. Ann. §100.20 further states:

> "Any person suffering pecuniary loss because of a violation by any other person of any order issued under this section may sue for damages therefor in any court

>of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney's fee." §100.20(5)

38. As pled in paragraphs 21 through 25, Plaintiff has suffered actual damages, including costs associated with purchasing and maintaining a blocking application, as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to §100.20(5). An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. As acknowledged by Defendant's representative, Plaintiff did not have any incurred debt with Defendant and Defendant did not even know why it was calling her. Yet, Plaintiff was still unfairly bombarded with collection phone calls even after notifying it to stop calling her. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, ALEXANDRIA MORGAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff punitive damages for violations of §427.104, in an amount to be determined at trial, for the underlying violations;

d. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 21, 2017                                  Respectfully submitted,

                                                          s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com